IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


MELISSA HILL,                        §
                                     §
              Plaintiff,             §
                                     §
v.                                   §       CIVIL ACTION NO. H-14-2383
                                     §
THE KROGER CO.,                      §
                                     §
              Defendant.             §


## MEMORANDUM OPINION AND ORDER

        Plaintiff Melissa Hill ("Hill" or "Plaintiff") sued Defendant
The Kroger Co. ("Defendant" or "Kroger") in the 284th Judicial
District Court of Montgomery County, Texas, under Cause No. 14-07-
08053.[1]  Defendant timely removed.[2]  Pending before the court is
Defendant's Motion for Summary Judgment (Docket Entry No. 8).  For
the reasons stated below, Defendant's Motion for Summary Judgment
will be granted, and this action will be dismissed.


## I.  Background

        Plaintiff alleges that on August 6, 2013, she was shopping at
a Kroger supermarket in Spring, Texas, when she slipped and fell on
a "liquid and/or slippery substance that had been allowed to

---

        [1]Plaintiff's Original Petition and Rule 194 Request for
Disclosures ("Original Petition"), Exhibit B to Notice of Removal,
Docket Entry No. 1-3.

        [2]Notice of Removal, Docket Entry No. 1.

accumulate."[3]   Plaintiff has asserted a premises liability claim and seeks recovery of compensatory and exemplary damages.[4]   After conducting discovery, including a deposition of Plaintiff, Defendant moved for summary judgment on the ground that Plaintiff has no evidence to support her claim.

## II.  Motion for Summary Judgment

### A.   Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."  Little v. Liquid Air Corp.,

---

[3]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-3, p. 2 ¶ 6.

[4]See id. at 2-3 ¶¶ 8-9.

37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

"In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact." CQ, Inc. v. TXU Min. Co., L.P., 565 F.3d 268, 273 (5th Cir. 2009). "The party must also articulate the precise manner in which the submitted or identified evidence supports his or her claim." Id. (internal quotation marks and citation omitted). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." Id. (same).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." <u>Little</u>, 37 F.3d at 1075.

## B. Analysis

"Liability for injury on business premises may be found under either a premises condition theory or a negligent activity theory." <u>Wal-Mart Stores, Inc. v. Bazan</u>, 966 S.W.2d 745, 746 (Tex. App.— San Antonio 1998, no pet.) (citing <u>Keetch v. Kroger Co.</u>, 845 S.W.2d 262, 264 (Tex. 1992)). It is not clear from the face of Plaintiff's Original Petition which cause of action is asserted.[5] Defendant argues that Plaintiff cannot maintain a negligent activity action on the facts alleged.[6] Plaintiff does not challenge this contention, and "Plaintiff confirms that Plaintiff asserted a premises liability claim."[7]

To prevail on a premises liability claim a plaintiff must prove four elements:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

_____

[5]<u>See</u> Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-3, pp. 2-3 ¶¶ 8-9.

[6]The court agrees. "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of [an] activity itself rather than by a condition created by the activity." <u>Keetch</u>, 845 S.W.2d at 264. Plaintiff has not alleged facts that meet this requirement.

[7]Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 9, p. 3.

    (2)    That the condition posed an unreasonable risk of harm;

    (3)    That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

    (4)    That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

Keetch; 845 S.W.2d at 264.

Plaintiff has adequately pleaded a premises liability claim, but Plaintiff has not presented sufficient evidence to create a fact issue on Kroger's actual or constructive knowledge of a dangerous condition. In the absence of actual knowledge, a plaintiff can establish constructive knowledge by showing that the condition "existed long enough for the owner or occupier to have discovered it upon reasonable inspection." CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 102-03 (Tex. 2000). The evidence must show that it is more likely than not that the dangerous condition existed long enough to give the owner a reasonable opportunity to discover it. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). Evidence supporting only the possibility that the condition existed long enough to be discovered is insufficient. Id. In a slip-and-fall case if there is no evidence about how the substance came to be on the floor or how long it had been there, the evidence is insufficient as a matter of law. See Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814, 816 (Tex. 2002). "[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to

-5-

discover and rectify, or warn of, the dangerous condition." Id. at
816.

Plaintiff alleges that she slipped on some sort of liquid
while walking down the baby products aisle in Kroger.[8]  Plaintiff
did not see the substance before or after she fell and surmised
that it was liquid because, after she returned to her car, a
portion of her pants "no bigger than [her] hand" was wet.[9]
Plaintiff testified that she had no reason to believe that Kroger
employees knew about the substance before she fell and that she had
no idea how long the substance had been on the floor.[10]  Plaintiff
fell at approximately 4:45 p.m.[11]  The Kroger employee charged with
managing the baby products aisle stated that he inspected the aisle
at approximately 4:00 p.m. and did not observe any liquid,
substance, objects, or other debris on the floor.[12]  Nor did he
receive any reports from customers or other employees about a
substance on the floor before Plaintiff's fall.[13]  The record
contains no other evidence of Kroger's actual or constructive
knowledge of a condition on the premises.

--------------------------------------------------

[8]See Oral Deposition of Melissa Hill, Exhibit B to Defendant's
Motion for Summary Judgment, Docket Entry No. 8-2, pp. 4-7.

[9]Id. at 4-5, 9-10.

[10]Id. at 6-7.

[11]Id. at 12.

[12]Affidavit of Alex Acosta in Support of Defendant's Motion for
Summary Judgment, Exhibit C, Docket Entry No. 8-3, pp. 1-2.

[13]Id. at 2.

-6-

In Plaintiff's Response she argues that she has raised a fact issue for two reasons: First, "Plaintiff contends that she fell on a liquid substance and knew the liquid substance was on the floor of the Defendant's premise prior to her fall."[14] This misrepresents Plaintiff's deposition testimony. Plaintiff testified that she did not observe the substance prior to falling. Second, Plaintiff argues that "circumstantial evidence demonstrates that the substance had been on the floor of Defendant's premise for at least 45 minutes."[15] The court does not agree. The evidence in the record supports a reasonable inference that the substance was on the floor for at most 45 minutes. The evidence supports no inference whatsoever about the minimum amount of time that the substance was on the floor.

Because Plaintiff has identified no evidence of Kroger's knowledge of a dangerous condition on its premises prior to her fall, and no evidence of how long that condition existed, Plaintiff has failed to raise a fact issue for trial. Because Plaintiff has not met her burden on the first element of her premises liability claim, the court need not address the remaining elements.

### III.  Conclusions and Order

The evidence in the record is insufficient as a matter of law, and Defendant is entitled to summary judgment on Plaintiff's

---

[14]Plaintiff's Response, Docket Entry No. 9, p. 4.

[15]Id. (emphasis added).

claim.   Defendant's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**, and a final judgment will be entered.

SIGNED at Houston, Texas, on this the 20th day of May, 2015.


SIM LAKE
UNITED STATES DISTRICT JUDGE